UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

DANIEL PAUL, on his own behalf
and others similarly situated,

v.

SENTINEL PROTECTION, LLC,
Florida Limited Liability Company,
WATCHDOG SECURITY, LLC,
Florida Limited Liability Company,
MARC A. MILLER, an Individual, and
CANDY PARTEE, an Individual,

          Defendants.
_____/

## **DANIEL PAUL STATEMENT OF CLAIMS**

Plaintiff, Daniel Paul (hereinafter "Mr. Paul"), by and through his undersigned counsel and pursuant to this Court's Order dated January 3, 2023 requiring a statement of claims, Mr. Paul hereby sets forth a concise statement of his claims against Defendants, Sentinel Protection, LLC, Watchdog Security, LLC, Marc A. Miller, and Candy Partee (hereinafter collectively referred to as "Defendants") as follows:

Mr. Paul was hired by Triple A Security in 2019. After working for Triple A Security for a few months without issue, Defendants purchased or acquired Triple A Security and became Plaintiff's employer. Plaintiff does not recall if his employment started at the end of 2019 with Defendants or the beginning of 2020. Plaintiff will be able to confirm the start of his employment with Defendants upon receipt of his employment application and/or payroll records.

Mr. Paul performed non-exempt work for Defendants. Mr. Paul worked as a security guard securing the premises of Graybar South Florida Service Center (hereinafter "Graybar") in Broward County. Graybar has locations throughout the United States and Canada. Graybar sells

electrical supplies, communications, data network solutions, commercial and industrial lighting, and security equipment. All activities performed by Mr. Paul during his employment were for the benefit of Defendants. Mr. Paul's employment ended on or about July 2022.  Mr. Paul worked for Defendants for approximately one hundred thirty-one (131) weeks within the statute of limitation.

During Mr. Paul's employment, he usually worked six (6) days per week.  Mr. Paul routinely worked more than fifty (50) hours per week for Defendants. Mr. Paul worked 8 to 15 hour shifts daily. There was a period when Defendants were understaffed and Mr. Paul worked 12 to 24 hour shifts. Defendants would not credit Mr. Paul for all hours worked. At the conclusion of Mr. Paul's employment with Defendants, Mr. Paul's hourly rate was $15.00. Mr. Paul's overtime rate based on his hourly rate should have been $22.50. Instead of paying Mr. Paul time and one-half for all overtime hours worked, Defendants would pay Mr. Paul straight time wages for some of his overtime hours worked. At minimum Defendants owe Mr. Paul $7.50 for all overtime hours worked within the statute of limitation, exclusive of liquidated damages. Mr. Paul estimates that he is owed approximately $9,825.00 unliquidated, using an average of 10 overtime hours weekly.

Mr. Paul seeks to recover his final paycheck from Defendants. Mr. Paul does not recall the exact amount of his final paycheck.

Mr. Paul is also seeking the recovery of liquidated damages in an amount equal to his unpaid wages, as well as all reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §216. Mr. Paul's attorney has incurred $3,080.00 in attorney's fees (8.8 hours x $350.00 hourly rate) and $412.00 in costs. To date, Mr. Paul is owed approximately $23,142.00, inclusive of liquidated damages, attorney's fee, and cost.

As previously stated, Mr. Paul is not presently in possession of all the information and records reflecting the discrete amounts that he was paid and hours that he worked each and every work week. At this early stage of the litigation, Mr. Paul is unable to calculate the precise amount of his regular and overtime compensation owed to him from Defendants. These amounts are preliminary estimates and are subject to modification upon obtaining further information through discovery. Mr. Paul advises the Court that if appropriate, he will later file an Amended Statement of Claim at such time as he is able to more clearly identify the total amount of unpaid overtime wages which is due in this case.

Respectfully submitted on behalf of Daniel Paul.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2023, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**s/Maguene D. Cadet**
Maguene D. Cadet, Esq.
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Email: Maguene@DieudonneLaw.com

**SERVICE LIST**
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

SENTINEL PROTECTION, LLC, Defendant
Attn: Marc A. Miller, Registered Agent
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
To be served upon appearance of counsel or filing of answer pursuant Court Order

WATCHDOG SECURITY, LLC, Defendant
Attn: Marc A. Miller, Registered Agent
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
To be served upon appearance of counsel or filing of answer pursuant Court Order

MARC A. MILLER, Defendant
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
To be served upon appearance of counsel or filing of answer pursuant Court Order

CANDY PARTEE, Defendant
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
To be served upon appearance of counsel or filing of answer pursuant Court Order