UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

DANIEL PAUL, on his own behalf
and others similarly situated,

       Plaintiff,

v.

SENTINEL PROTECTION, LLC,
Florida Limited Liability Company,
WATCHDOG SECURITY, LLC,
Florida Limited Liability Company,
MARC A. MILLER, an Individual, and
CANDY PARTEE, an Individual,

       Defendants.
_____/

## AMENDED COMPLAINT

1. Plaintiff, DANIEL PAUL (hereinafter referred to as "Plaintiff"), was an employee of Defendants, SENTINEL PROTECTION, LLC, Florida Limited Liability Company, WATCHDOG SECURITY, LLC, Florida Limited Liability Company, MARC A. MILLER, an Individual, and CANDY PARTEE, an Individual, (hereinafter collectively referred to as "Defendants') and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.     Defendant, SENTINEL PROTECTION, LLC, is a Florida Limited Liability Company that owns and operates a security business in various counties throughout Florida and is within the jurisdiction of this court.

3.     Defendant, SENTINEL PROTECTION, LLC, has or had employees, including Plaintiff, working at various residential and commercial properties throughout Florida and is within the jurisdiction of this court.

4.  Defendant, MARC A. MILLER, is identified as the registered agent and manager for SENTINEL PROTECTION, LLC with the Florida Department of State, Division of Corporations.

5.  Defendant, CANDY PARTEE, is a manager for SENTINEL PROTECTION, LLC.

6.  Defendant, WATCHDOG SECURITY, LLC, is a Florida Limited Liability Company that owns and operates a security business in various counties throughout Florida and is within the jurisdiction of this court.

7.  Defendant, WATCHDOG SECURITY, LLC, has or had employees, including Plaintiff, working at various residential and commercial properties throughout Florida and is within the jurisdiction of this court.

8.  Defendant, MARC A. MILLER, is identified as the registered agent and manager for WATCHDOG SECURITY, LLC with the Florida Department of State, Division of Corporations.

9.  Defendant, CANDY PARTEE, is a manager for WATCHDOG SECURITY, LLC.

10. Defendant, CANDY PARTEE, signed Plaintiff's paycheck.

11. Defendant, CANDY PARTEE, was responsible for payroll and time records for Defendants.

12. Defendants, CANDY PARTEE and MARC A. MILLER, have the authority to hire, fire, and manage employees of SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC.

13. Defendants, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC are doing business throughout Florida, and is within the jurisdiction of this court.

14. This action seeks to recover unpaid wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff beginning

three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period").

15. This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff and all current or former hourly security guards who worked more than 40 hours in any workweek, for which they were paid straight time wages for overtime hours worked within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

16. At all times material to this Complaint, Defendants, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, shared the services of employees and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations. Accordingly, the relationship by and between SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC were that of employers and/or joint-employers of Plaintiff and all current or former employees within the meaning of 29 U.S.C. § 203(d).

17. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, were individually and/or collectively an enterprise engaged in interstate commerce or in the production of goods for commerce.   Based upon information and belief, the annual gross sales volume of SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, individually and collectively, was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in commerce.

18. Defendants were jointly Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

19. Defendants jointly employed Plaintiff and similarly situated current and former employees under the FLSA and the statutes at issue in the case.

20. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

21. At all material times, Defendants performed related activities through unified operation and common control for a common business purpose.

22. Defendants are engaged in related activities, i.e., providing and maintaining security protection to commercial and residential properties.

23. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

24. Defendants represent themselves to the general public as a unified operation.

25. Defendants share employees.

26. Plaintiff himself performed work for the benefit of both Defendants.

27. Upon information and belief, Defendants share common management.

28. Upon information and belief, Defendants share common ownership.

29. Upon information and belief, Defendants share common corporate officers.

30. Defendants provide the same array of products and services to their customers as serviced by Plaintiff and similarly situated current and former employees.

31. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for

Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

32. Plaintiff is, and was at all times relevant to his employment as alleged herein, a resident of Florida.

33. Plaintiff worked as a security guard for Defendant during the period of approximately 2019 through 2022.

34. Plaintiff's was required to secure the premises of Graybar South Florida Service Center (hereinafter "Graybar") in Broward County.

35. Graybar has locations throughout the United States and Canada.

36. Graybar sells electrical supplies, communications, data network solutions, commercial and industrial lighting, and security equipment.

37. Plaintiff performed non-exempt work as a security guard for Defendant.

38. At all material times, Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1).

39. Plaintiff worked in Broward County, Florida.

40. Plaintiff worked for all the Defendants during the period of his employment.

41. All work performed by Plaintiff was for the benefit of Defendants.

42. At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

43. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

44. Plaintiff and similarly situated employees secured goods and materials moved in or produced in commerce.

45. Plaintiff was employed by Defendants during the three year period preceding the filing of this lawsuit.

46. Plaintiff worked for Defendants from approximately 2019 through August 2022.

47. Plaintiff routinely worked more than forty (50) hours per week for Defendants.

48. Plaintiff routinely worked 8 to 15 hour days for Defendants.

49. Plaintiff routinely worked 6 days per week for Defendants.

50. Plaintiff's hourly rate was $15.00 at the conclusion of his employment.

51. Defendants failed to compensate Plaintiff for all overtime hours worked.

52. Plaintiff's overtime pay for each hour worked should have been $22.50 hourly.

53. Defendants failed to properly credit Plaintiff for all hours worked.

54. Defendants paid Plaintiff straight time for certain overtime hours worked.

55. Defendants did not always pay Plaintiff for all hours worked.

56. Defendants withheld Plaintiff's entire final paycheck for uniform reimbursement.

57. Defendants' uniform deduction reduced Plaintiff's earnings to below the required minimum wage or overtime compensation for certain work weeks.

58. Plaintiff estimates he is owed approximately $9,825.00, unliquidated and exclusive of attorney fees and costs incurred and to be incurred, using an average of 10 overtime hours weekly during the period of his employment.

59. Plaintiff is owed his final paycheck from Defendants.

60. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

61. Plaintiff was individually engaged in commerce due to the nature of his work.

62. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after January 2020, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or

current and/or former employees who were not credited for all hours worked during their employment with Defendants.

63. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

64. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

65. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked and compensation received by Plaintiff.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

66. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 65 above.

67. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

68. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

69. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

70. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

71. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DANIEL PAUL and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, MARC A. MILLER, CANDY PARTEE, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II, MINIMUM WAGE VIOLATION

72. Plaintiff, DANIEL PAUL, readopts and realleges all allegations contained in Paragraphs 1 through 65 above.

73. Plaintiff is entitled to be paid at the applicable minimum wage rate of pay for each hour he worked during his employment with Defendants.

74. However, during Plaintiff's employment, Plaintiff performed work for Defendants for which he was not paid at least the applicable minimum wage required by law.

75. Defendants failed to compensate Plaintiff at the applicable minimum wage for certain work weeks.

76. Defendants made unlawful deductions from Plaintiff's compensation.

77. Defendants unlawfully deducted for the costs of uniforms from Plaintiff's compensation.

78. Defendants' uniform deductions reduced Plaintiff's earnings to below the required minimum wage for certain work weeks.

79. As a result of deductions made from Plaintiff's compensation, Defendants did not provide Plaintiff with his final paycheck.

80. Plaintiff demanded proper compensation from Defendants on several occasions and Defendants refused to compensate Plaintiff for all hours worked.

81. Defendants willfully failed to pay Plaintiff at the applicable minimum wage for all of his hours worked, contrary to the requirements of Section 6 of the FLSA (29 U.S.C. §206).

82. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages.

83. Plaintiff has retained the undersigned counsel to represent him in this action and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

84. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DANIEL PAUL, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, MARC A. MILLER, CANDY PARTEE, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, jointly and severally, for compensatory damages, an additional equal amount of liquidated damages, together with costs and attorney's fees pursuant to the FLSA and such other further relief as this Court deems just and proper, including trial by jury.

## COUNT III, UNJUST ENRICHMENT

85. Plaintiff, DANIEL PAUL, readopts and realleges all allegations contained in Paragraphs 1 through 65 above.

86. Plaintiff entered into an employment agreement with Defendants.

87. Plaintiff was to work as a security guard on an hourly basis.

88. In compliance with the agreement with Defendants, Plaintiff performed duties noted herein.

89. As a direct and proximate result of Plaintiff's efforts described in these paragraphs immediately above and herein, and/or during the time the contract between Plaintiff and Defendants was in full force and effect, Defendants profited from Plaintiff's labor.

90. During the time the contract between Plaintiff and Defendants was in full force and effect, Defendants were compensated by their clients as a result of Plaintiffs hard work.

91. Pursuant to the employment agreement, Plaintiff is entitled to compensation of at least the minimum wage for all work performed by Plaintiff for the benefit and on behalf of Defendants.

92. At all times material hereto, Plaintiff, worked for Defendants and declined the opportunity to work with other companies based on their agreement. As a direct and proximate result thereof, Plaintiff sustained a loss of income, revenue and/or goodwill.

93. In breach of the agreement between Plaintiff and Defendants, Defendants, without cause, terminated Plaintiff's employment and failed to pay Plaintiff pursuant to the terms of the employment agreement.

94. Irrespective of the contract entered into between Plaintiff and Defendants, Plaintiff has conferred a tangible benefit upon Defendants in the form of his time, money, labor, business connections and experience that has directly and proximately resulted in Defendants receiving income from Plaintiff's hard work, efforts, and expanded time.

95. At all times material to this action, Defendants voluntarily accepted the benefits described in the paragraphs immediately above that Plaintiff conferred to them with the understanding that Plaintiff was doing so with the expectation of being compensated for conferring said benefits.

96. The circumstances described herein render Defendants' retention of the benefits described above inequitable unless Defendants pays Plaintiff the value of said benefits.

97. Prior to filing this action, Plaintiff has performed all conditions precedent to be performed on his part pursuant to the subject contract and/or said conditions have been waived.

98. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DANIEL PAUL, requests that judgment be entered against Defendants, MARC A. MILLER, CANDY PARTEE, SENTINEL PROTECTION, LLC and WATCHDOG SECURITY, LLC, jointly and severally, for damages in an amount to be determined at trial, including pre and post judgment interest; incidental and consequential damages, including but not limited to the loss of revenue resulting from Plaintiff exclusively working for Defendants.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 24th day of January 2023,

s/Maguene D. Cadet
Maguene D. Cadet, Esq., FBN. 0591361
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff Daniel Paul

## SERVICE LIST
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

To be served by process server upon all defendants.