UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-60002-CIV-Altman/Hunt

DANIEL PAUL,

        Plaintiff,

v.

SENTINEL PROTECTION, LLC,
Florida Limited Liability Company,
WATCHDOG SECURITY, LLC,
Florida Limited Liability Company,
MARC A. MILLER, an Individual,
and CANDY PARTEE, an Individual,

        Defendants
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion for Entry of Final Default Judgment ("Motion"). ECF No. 27. The Honorable Roy K. Altman referred this Motion to the undersigned for a report and recommendation. ECF No. 30, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Defendant has not responded or otherwise answered the Complaint. Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be DENIED for the reasons outlined below.

### Background

Plaintiff on January 2, 2023, filed a Complaint, ECF No. 1, for unpaid overtime wages and other relief under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §216(b). Plaintiff amended that complaint on January 24, 2023. Defendants were served with a copy of the Amended Complaint and Summons on February 10, 2023. Defendants have so far failed to file a responsive pleading.

Plaintiff on March 10, 2023, filed a Motion for Clerk's Default as to all Defendants on March 10, 2023, ECF No. 17, and the Clerk of Court filed an Entry of Default on March 12, 2023.  ECF No. 18.  Plaintiff now moves this Court to enter a Final Default Judgment for Plaintiff against Defendants for his unpaid overtime wages, minimum wage violation, unjust enrichment, attorneys' fees, and costs.  ECF No. 27.

## LEGAL STANDARD

The Court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered.  *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015).  "The standard for entry of default judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim . . . [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.'" *Substation Enterprises, Inc. v. Sayers Constr.*, LLC, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (quoting *Surtain*, 789 F.3d at 1245).

As the result of a defendant's default, the well-pleaded allegations in the complaint are deemed admitted and taken as true.  *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6).  If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1).  "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages

2

are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Sevares v. Am. Pipeline Constr., LLC*, No. 22-21233-CIV-MOORE, 2023 WL 3191256, at *2 (S.D. Fla. May 2, 2023) (citations omitted).

## Analysis

Plaintiff brings three counts in his action.  Count I is for FLSA overtime wages, Count II is for FLSA minimum wage, and Count III is for unjust enrichment.  Each Count is addressed in the order pleaded.

As to Count I, "[t]he FLSA's overtime provisions require[ ] employers to compensate covered employees at least one and one-half times the regular rate of pay for all hours worked by the employee in excess of forty hours per week." *Day v. Velissaris*, No. 1:22-CV-4987-TWT, 2023 WL 3743147, at *4 (N.D. Ga. May 31, 2023) (citing 29 U.S.C. § 207(a)(1)).  An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C.A. § 203.

To establish a claim for unpaid minimum wages under the FLSA in the circumstances presented here, a plaintiff must demonstrate that: "(1) the defendant(s) employed her; (2) either (a) she was engaged in interstate commerce (*i.e.*, 'individual coverage'), or (b) the defendant is an enterprise engaged in interstate commerce (*i.e.*, 'enterprise coverage'); and (3) she was not paid the applicable minimum wage." *Harding-bey v. Pathways Therapy Servs.*, *LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021) (citations omitted).

Thus, engagement in interstate commerce in some form is a requirement to receive the protections claimed by Plaintiff under the FLSA. *See Thorne v. All Restoration*

*Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) ("The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce.") (citing *McLeod v. Threlkeld,* 319 U.S. 491 (1943)).  As to that element, Plaintiff, who worked as a security guard for Defendants, alleges "[t]he services provided by Defendants necessitated that Defendants engage in interstate commerce," ECF No. 7 at *6; that Defendants' business "constituted an enterprise engaged in interstate commerce or in the production of goods for commerce;" and that the annual gross sales volume of Defendants was in excess of $500,000.  ECF No. 7 at *4.  Additionally, Plaintiff alleges that the third-party company that engaged Defendants' services, and for which Plaintiff provided security, is an international company with locations both in the United States and Canada.  ECF No. 7 at *7.

Providing security for a third-party engaged in interstate commerce is insufficient on its own to establish enterprise coverage.  *See Velasquez v. All Fla. Sec. Corp.*, No. 07-23159-CIV-KING, 2008 WL 5232916, at *2 (S.D. Fla. Dec. 15, 2008), *order clarified*, No. 07-23159-CIV-KING, 2009 WL 10669023 (S.D. Fla. Mar. 31, 2009).  Further, a bare allegation that a company is engaged in interstate commerce, without more, is insufficient to establish coverage under the FLSA.  *See Maceda v. City Watch Protective Servs., Inc.*, No. 18-23966-CIV-SCOLA, 2019 WL 1385087, at *2 (S.D. Fla. Mar. 27, 2019) (holding a "fact-free recitation of select elements of enterprise coverage does not satisfy Rule 8"); *see also De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806, at *3 (M.D. Fla. Nov. 24, 2009).  A security business, in and of itself, is not necessarily the kind of business that engages in interstate commerce.  *Rivera v. Deer Run Realty & Mgmt., Inc.*, No. 6:15-CV-79-ORL-41DAB, 2015 WL 4878681, at *7 (M.D.

Fla. Aug. 14, 2015) ("[S]ecurity guard services wholly within the state of Florida have generally been held to be local in nature and outside the coverage of the FLSA.") (citing cases).

In short, the undersigned finds the Complaint, as pleaded, fails to establish eligibility for the protections of the FLSA, in that Plaintiff has failed to adequately allege that he or Defendants were engaged in interstate commerce.  "The Court certainly does not mean to imply that [Plaintiff] must allege every minute detail of Defendants' business in order to receive a default judgment." *Ullom v. Bill Perry & Assocs., Inc.*, No. 220CV00266JLBNPM, 2020 WL 7318969, at *3 (M.D. Fla. Dec. 11, 2020). "But at a minimum, his complaint should allege enough facts about the supplies used in Defendants' business that—when accepted as true—plausibly establish a basis for overtime coverage under the FLSA." *Id.*  Plaintiff, like the plaintiff in *Ullom*, "has not done so here." *Id.*  Therefore, the Court should not grant default judgment for Plaintiff on either Count I or Count II, both of which have an interstate commerce requirement. *Anish v. Nat'l Sec. Corp.*, 10–80330–CIV–MARRA, 2010 WL 4065433, at *2 (S.D.Fla.2010).

Given the absence of an adequate claim for relief under the FLSA, the undersigned recommends the Court decline to exercise supplementary jurisdiction over the unjust enrichment claim. *See Lupo v. Winghouse of Daytona Beachside, LLC*, No. 812CV1263T35EAJ, 2013 WL 12161805, at *3 (M.D. Fla. Jan. 25, 2013) ("The Eleventh Circuit encourages 'district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.'") (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)); *see also Hall v. Colicchio*, No. 6:14-CV-1467-ORL-31, 2015 WL 3866099, at *3 (M.D. Fla. June 22, 2015).

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Default Final Judgment, ECF No. 37, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 27th day of June 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record