UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

DANIEL PAUL, on his own behalf
and others similarly situated,

       Plaintiff,

v.

SENTINEL PROTECTION, LLC,
Florida Limited Liability Company,
WATCHDOG SECURITY, LLC,
Florida Limited Liability Company,
MARC A. MILLER, an Individual, and
CANDY PARTEE, an Individual,

       Defendants.
_____/

### PLAINTIFF'S MOTION FOR ENTRY FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE

Plaintiff, DANIEL PAUL, by and through his undersigned counsel, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure respectfully moves this Court to enter a Final Default Judgment for Plaintiff against Defendants, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE, for his unpaid overtime wages, minimum wage violation, unjust enrichment, attorney's fee and costs and states the following in support thereof:

1. On January 2, 2023, Plaintiff filed a Complaint for unpaid overtime wages and other relief under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §216(b). [ECF No. 1]. On January 24, 2023, Plaintiff filed an Amended Complaint seeking relief for unpaid overtime and minimum wage violations under the FLSA and other reliefs. [D.E. 7].

1

2. On February 10, 2023, Defendants, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE, were served with a copy of the Amended Complaint and Summons. [ECF No. 11, ECF No. 12, ECF No. 13, and ECF No. 14] and advised of the contents therein.

3. On August 14, 2023, Plaintiff filed his Second Amended Complaint against Defendants seeking relief for unpaid overtime and minimum wage violations under the FLSA and other reliefs. [ECF No. 35]. Plaintiff's Second Amended Complaint was filed in compliance with an Order received from the Court. [ECF No. 34]. Plaintiff's Second Amended Complaint was served on Defendants accordingly.

4. Plaintiff was employed as a security guard for Defendants. Defendants provide security and surveillance guards for various residential and commercial properties in counties throughout Florida. Defendants required Plaintiff and other employees to have personal vehicles for purposes of effectuating their rounds. Plaintiff and other employees needed to travel around and to the premises being secured. The vehicle also served as shelter for inclement weather and protection when Plaintiff worked late nights until early mornings.

5. Defendants did not have a physical office or a meeting place in South Florida. Defendants 'office was located on the west coast in Lakewood Ranch, Florida. Defendants required Plaintiff and other guards to have a cell phone for purposes of communication during their shifts. Possession of a cell phone was part of the job requirement because the phone was used to clock in and for purposes of reporting any incidents that occurred on the shift. The cell phones were the only way to communicate with Defendants and other employees.

6. Defendants ordered and required Plaintiff and other employees to wear security uniforms.

7. Plaintiff was individually engaged in commerce due to the nature of his job requirements.

8. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, and in accordance with Eleventh Circuit precedent, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE were required to file, through counsel, a pleading in response to the Second Amended Complaint within Twenty-One (21) days of being served with the Second Amended Complaint.

9. On September 20, 2023, Plaintiff filed his Motion for Clerk's Default as to all the Defendants in this matter [ECF No. 37] which the Clerk of Court granted on September 22, 2023; see Clerk's Entry of Default [ECF No. 38] failure to appear, answer, or otherwise plead to the Complaint.

10. As of the filing of the instant Motion, November 13, 2023, and as confirmed by the docket entries in the above referenced case, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE have not filed an answer and/or response to the Amended Complaint, have not retained counsel for the corporation, and have therefore failed to plead or otherwise defend this case as provided by the Federal Rules of Civil Procedures. Accordingly, Plaintiff now requests a default final judgment in his favor and against SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE jointly and severally.

11. On October 30, 2023, after satisfying the Court's requirement [ECF No. 39] that SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A.

MILLER, and CANDY PARTEE are jointly and severally liable as both joint employers under 29 U.S.C. § 203(d) and a single enterprise under 29 U.S.C. § 203(r)(1). See [ECF No. 40] Plaintiff's Notice of Joint and Several Liability at 2-3. The Plaintiff was ordered to move for default final judgment against the defaulted Defendants [ECF No. 43] as described in subsection (1) of this Court Order [ECF No. 39] on Default Final Judgment Procedures.

12. Attached hereto as Exhibit A is Plaintiff's Affidavit evidencing the amount of wages Plaintiff is owed. Plaintiff's Affidavit is the best evidence of his hours worked, as Defendant has failed to participate in this case. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Reich v. Southern New England Telecommunications Corporation, 121 F.3d 58 (2d Cir. 1997).

13. Plaintiff's damages, inclusive of liquidated damages, total $19,500.00. See, Exhibit A, Plaintiff's Affidavit at ¶¶ 5- 8, 17-24, and 28.

14. An employer who seeks to avoid liquidated damages because of violating the provisions of the Fair Labor Standards Act bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987). In this case, Plaintiff's employers, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE, have failed to carry its burden to oppose the imposition of liquidated damages.

15. An additional element of Plaintiff's claims is the recovery of attorney's fees and costs.

16. 29 U.S.C. § 216(b) authorizes an award of attorney's fees to the prevailing

4

plaintiff in any proceeding to enforce the provisions of the Fair Labor Standards Act. The Amended Complaint in this case shows that this was a proceeding to enforce the provisions of the Fair Labor Standards Act ("FLSA").

17. A prevailing Plaintiff's attorney's fee in an FLSA matter is mandatory. <u>Weisel v. Singapore Joint Venture, Inc.</u>, 602 F.2d 1185 (5th Cir. 1979).

18. The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. <u>See</u>, Exhibit B, Fee and Costs Statement.

19. Attached to this Motion as Exhibit "C" is the Hours Affidavit of Maguene D. Cadet. The Affidavit contains a certification that the Affiant has fully reviewed the time records that are the supporting data for the Affidavit and that the hours claimed are well grounded in fact and justified. The Hours Affidavit of Maguene D. Cadet shows that she spent 34.00 billable hours of her time litigating this case.

20. Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. <u>Perkins v. Mobile Housing Authority</u>, 847 F.2d at 738 (11th Cir. 1988).

21. The prevailing party is entitled to attorney's fees for time spent litigating an attorney's fee award. <u>Jonas v. Stack</u>, 758 F.2d 567, 568 (11th Cir. 1985).

22. The total fee for Maguene D. Cadet would be $11,900.00 (34.00 hours x $350.00 per hour) with costs in the amount of $781.80. <u>See</u>, <u>Exhibit B</u>, Fee and Costs Statement.

23. By executing this Motion, counsel for Plaintiff certifies that she has fully

reviewed the time records and supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

WHEREFORE, Plaintiff, DANIEL PAUL, requests the entry of a Final Default Judgment in his favor and against Defendants, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE, in the total amount of $32,181.80, jointly and severally.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November 2023, a copy hereof has been filed electronically with the Clerk of Court via the Florida Courts E-Filing Portal, which will provide an electronic copy to all counsel of record and a copy of same has been served on all unpresented parties by U.S. Mail as noted on the Service List below.

*s/Maguene D. Cadet*
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff Daniel Paul

### SERVICE LIST
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-60002--ALTMAN/HUNT

Candy Partee, Defendant
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
Served by U.S. Mail

Marc A. Miller, Defendant
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
Served by U.S. Mail

Sentinel Protection, LLC, Defendant
Attn: Marc A. Miller, Registered Agent

9040 Town Center Pkwy
Lakewood Ranch, FL 34202
Served by U.S. Mail

Watchdog Security, LLC, Defendant
Attn: Marc A. Miller, Registered Agent
9040 Town Center Pkwy
Lakewood Ranch, FL 34202
Served by U.S. Mail