UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-60002-CIV-ALTMAN/HUNT

DANIEL PAUL,

        Plaintiff,

v.

SENTINEL PROTECTION, LLC,
Florida Limited Liability Company,
WATCHDOG SECURITY, LLC,
Florida Limited Liability Company,
MARC A. MILLER, an Individual,
and CANDY PARTEE, an Individual,

        Defendants
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion for Entry of Final Default Judgment ("Motion"). ECF No. 44. The Honorable Roy K. Altman referred this Motion to the undersigned for a report and recommendation. ECF No. 45, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Defendants have not responded to or otherwise answered Plaintiff's Complaint. Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be GRANTED IN PART and DENIED IN PART for the reasons outlined below.

## BACKGROUND

Plaintiff on January 2, 2023, filed a Complaint, ECF No. 1, for unpaid overtime wages and other relief under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §216(b). Plaintiff amended that complaint on January 24, 2023. Defendants were

served with a copy of the Amended Complaint and Summons on February 10, 2023. Defendants failed to file a responsive pleading.

Plaintiff filed a Motion for Clerk's Default as to all Defendants on March 10, 2023, ECF No. 17, and the Clerk of Court filed an Entry of Default on March 12, 2023. ECF No. 18. The Plaintiff then filed his initial Motion for Entry of Final Default Judgment. The undersigned recommended that initial Motion be Denied, a recommendation accepted by the District Court. ECF Nos. 31, 33.

Plaintiff on August 14, 2023, filed a Second Amended Complaint, ECF No. 35, to which Defendants again failed to respond. Following the Clerk's Entry of Default, ECF No. 38, Plaintiff again moves this Court to enter a Final Default Judgment for Plaintiff against Defendants for his unpaid overtime wages, minimum wage violation, unjust enrichment, attorneys' fees, and costs. ECF No. 44.

## LEGAL STANDARD

The Court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "The standard for entry of default judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim . . . [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.'" *Substation Enters., Inc. v. Sayers Constr.*, LLC, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (quoting *Surtain*, 789 F.3d at 1245).

As the result of a defendant's default, the well-pleaded allegations in the complaint are deemed admitted and taken as true. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6). If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Sevares v. Am. Pipeline Constr., LLC*, No. 22-21233-CIV-MOORE, 2023 WL 3191256, at *2 (S.D. Fla. May 2, 2023) (citations omitted).

## ANALYSIS

As in his previous Complaint, Plaintiff brings three counts in this action. Count I is for FLSA overtime wages, Count II is for FLSA minimum wage, and Count III is for unjust enrichment. As an initial matter, Plaintiff in his Motion does not adequately support his damages claim for a minimum wage violation, appearing to request only those damages owed under his overtime claim. The undersigned, therefore, need not further examine Plaintiff's minimum wage claim and recommends Plaintiff's Motion be denied as to that count. Additionally, the damages sought under Plaintiff's unjust enrichment count are duplicative of his FLSA claims. A court may dismiss duplicative state or common law claims where they rely on proof of the same facts. *See Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV-MORENO, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (dismissing an unjust enrichment claim as duplicative of an FLSA claim where the claims relied on

3

proof of the same facts). Given that the undersigned below recommends granting Plaintiff's Motion on Count I, the unjust enrichment count should likewise be denied.

In the previous Report and Recommendation, the undersigned recommended the Motion for Default be denied because Plaintiff failed to properly establish that Defendants were engaged in interstate commerce, as was required for Plaintiff to state a claim under the FLSA. ECF. No. 31. Because Plaintiff failed to meet that requirement, the undersigned recommended the Court not only deny the Motion as to Count I and Count II, both of which have an interstate commerce requirement, but also decline to exercise supplementary jurisdiction over the unjust enrichment claim. *Id.*

In his Second Amended Complaint, it appears Plaintiff has attempted to remedy the interstate commerce issue. Because this issue could be determinative, the undersigned addresses it first.

A. Coverage

In his first Amended Complaint, Plaintiff claimed he worked as a security guard for Defendants and alleged "[t]he services provided by Defendants necessitated that Defendants engage in interstate commerce," ECF No. 7 at *6; that Defendants' business "constituted an enterprise engaged in interstate commerce or in the production of goods for commerce;" and that the annual gross sales volume of Defendants was in excess of $500,000. ECF No. 7 at *4. Additionally, Plaintiff alleged the third-party company that engaged Defendants' services—for which Plaintiff provided security—is an international company with locations both in the United States and Canada. ECF No. 7 at *7. The undersigned noted that providing security for a third-party engaged in interstate commerce was insufficient on its own to establish enterprise coverage; that a bare

4

allegation that a company is engaged in interstate commerce, without more, is insufficient to establish coverage under the FLSA; and that a security business was not generally the kind of business that engages in interstate commerce. ECF No. 31

Plaintiff's Second Amended Complaint attempts to correct the mistakes by alleging Defendants required the use of a vehicle, cell phone, and uniforms in the course of employment. All three of the items were believed to have moved in interstate commerce, according to Plaintiff. Plaintiff also alleged that he worked as a security guard at multiple businesses in Florida.

The FLSA states in relevant part that

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207.

The undersigned observes that as "a precondition to imposing liability against an employer, the plaintiff must establish individual coverage or enterprise coverage." *Ferrer v. Atlas Piles*, LLC, 586 F. Supp. 3d 1286, 1297 (S.D. Fla. 2022). Plaintiff alleges he is covered under both individual and enterprise coverage.

I.  Individual Coverage

The Complaint claims Plaintiff was individually engaged in commerce due to the nature of his work. "For individual coverage to apply under the FLSA, Plaintiff must prove that he was '(1) engaged in commerce or (2) engaged in the production of goods for commerce.'" *Perez v. New Auto Image Mktg., Inc.,* No. 15-21893-CIV-

5

LENARD/GOODMAN, 2016 WL 7540272, at *5 (S.D. Fla. May 20, 2016) (citations omitted).

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

There is no real question as to whether Plaintiff was engaged in the production of goods for commerce. There is no allegation that Plaintiff produced anything, and a security business in and of itself is not necessarily the kind of business that engages in interstate commerce. *Rivera v. Deer Run Realty & Mgmt.*, *Inc.*, No. 6:15-CV-79-ORL-41DAB, 2015 WL 4878681, at *7 (M.D. Fla. Aug. 14, 2015). The question, then, is whether Plaintiff has now adequately alleged that he was regularly using the instrumentalities of interstate commerce in his work. To that end, this Court must consider whether Plaintiff's use of his cell phone or vehicle qualifies as such.

The undersigned finds that it does not. First, the mere use within the State of Florida of a vehicle that may itself have been moved in interstate commerce is insufficient to establish individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1316 (11th Cir. 2011). As for the cell phone, a plaintiff's use of the telephone is insufficient for these purposes when the instrumentality, namely the phone, was not used specifically to transact business in interstate commerce. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009). Plaintiff has not in any way asserted he used the cell phone or automobile to transact business outside the state. Instead, Plaintiff

6

contends only that he was required to use instrumentalities that were themselves moved in interstate commerce. This is insufficient to establish individual coverage under the FLSA.[1]

II.     Enterprise coverage

"The FLSA provides coverage where an enterprise (1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;' and (2) 'whose annual gross volume of sales made or business done is not less than $500,000." *Walsh v. Freeman Sec. Servs., Inc.*, No. 8:21-CV-217-VMC-AEP, 2022 WL 445501, at *5 (M.D. Fla. Feb. 14, 2022) (quoting 29 U.S.C. § 203(s)(1)(A)(i)–(ii)).

There is nothing to indicate Plaintiff was anything other than an employee under the FLSA. *See id.* at *9 (finding security guards to be employees for the purposes of the FLSA when the totality of circumstances leads a court to find them so). He has also asserted Defendants had an annual gross sales volume of more than $500,000. General allegations of the necessary amount to establish FLSA coverage are adequate to survive a motion to dismiss. *Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 700 (N.D. Ga. 2014).

---

[1]     Likewise, the use of a uniform that traveled in interstate commerce does not establish individual coverage. *Ledbetter v. S.T.A.R. Sec. Corp.*, No. 19-14018-CIV-MAYNARD, 2021 WL 1246013, at *6 (S.D. Fla. Mar. 26, 2021) (finding that "[u]sing a Taser, firearm or uniform that previously traveled in interstate commerce also is insufficient" to establish coverage).

A court in the Middle District of Florida has found a business can be open to FLSA liability under a theory of enterprise coverage where, as here, a business required the use of a personal cell phone and a uniform manufactured outside of Florida. *Walsh*, 2022 WL 445501 at *6. Additionally, the point of origin of vehicles used during employment "may be relevant under a theory of enterprise coverage." *Josendis*, 662 F.3d at 1316.

Plaintiff has now claimed that the phone, vehicle, and uniform were used in the course of business and manufactured outside the state. Given the standard of review and Plaintiff's expanded allegations in his Second Amended Complaint, it appears he has now adequately alleged enterprise coverage under the FLSA.

B. Liability

Having established that enterprise coverage applies, the undersigned now turns to whether Plaintiff has adequately established liability under the FLSA. "By virtue of the default, the Defendants have admitted the well-pled allegations of Plaintiff's complaint." *Campos v. Chavam Enters., Inc.*, No. 15-14370-CIV-ROSENBERG, 2016 WL 11737816, at *1 (S.D. Fla. Feb. 19, 2016). Taking those allegations into account, Plaintiff has adequately alleged Defendants committed a violation of the FLSA by failing to compensate him as an employee for overtime worked. Plaintiff has alleged that, while employed by Defendants as a security guard, he routinely worked an average of approximately fifty (50) hours per week for 130 weeks and was not compensated at the time-and-a-half rate required. Plaintiff has therefore adequately alleged for the purpose of a default judgment that Defendants failed to pay Plaintiff overtime wages in violation of 29 U.S.C. § 207.

C. Damages

Plaintiff alleges Defendants willfully withheld the additional $7.50 per hour he was owed for his overtime work, resulting in unliquidated damages of $9,750. Plaintiff further contends he is entitled to liquidated damages under 29 U.S.C. § 216(b). Plaintiff's complaint alleges that Defendants' violations of the FLSA were knowing and willful. Given that Defendants have admitted all of these allegations by their default, Plaintiff is entitled to recover liquidated damages. *Campos*, 2016 WL 11737816 at *2. Plaintiff is, therefore, entitled to an award of $19,500.

D. Attorney's Fees

Plaintiff also requests attorney's fees. The FLSA provides for recovery of a plaintiff's reasonable attorney's fees and costs. 29 U.S.C. § 216(b). This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010). The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the

9

question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[2] *Id.*

Plaintiff's counsel seeks a fee award of $11,900 for thirty-four hours of work at a rate of $350 per hour. This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the

---

[2] The undersigned concludes that a hearing is not necessary. A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

> burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

"In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Drayton v. Avia Premier Care, LLC.*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2450933, at *3 (M.D. Fla. May 2, 2019*), report and recommendation adopted*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Norman,* 836 F.2d at 1301).

The Court finds counsel's requested hourly rate to be in line with other recent awards in this District. However, a recent review of similar cases filed in the Middle District of Florida showed that the number of hours normally expended in an FLSA default case falls in the range of six to twenty hours of legal work. *Drayton v. Avia Premier Care, LLC.*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2450933, at *3 (M.D. Fla. May 2, 2019), *report and recommendation adopted*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (collecting cases). The undersigned agrees that this range aligns with such cases in this District. As such, the number of hours requested by Plaintiff's attorney appears to be somewhat higher than usual.

The undersigned also notes Plaintiff is requesting to be compensated for time spent revising the Complaint in accordance with the deficiencies pointed out when the initial Motion for Final Default Judgment was denied. Attorneys should not bill for time preparing an amended complaint to address inaccuracies. *See Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1227 (N.D. Fla. 2019). Further, an attorney should not be awarded those hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*,

168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted).

"If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Given the issues outlined above, as well as the average hours spent on a default judgment, the undersigned finds it appropriate to impose an across-the-board cut of fifty percent. Plaintiff's counsel should, therefore, be compensated for only seventeen hours of work on this case. The undersigned finds no reason to depart from the lodestar calculation; therefore, Plaintiff should be awarded $5,950 ($350 x 17 hours) for the work on this case.

E. Costs

Plaintiff's counsel also seeks to recover $781.80 in litigation costs, which results from the initial $402 fee paid to the Clerk of Court, $313.24 attributed to "Rock Legal Services and Investigations," and postage fees of $66.56. Filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). However, "mailing costs are not recoverable under 28 U.S.C. § 1920." *Matiano v. 5th Ave. Tree Experts, Inc.*, No. 20-23972-CIV-UNGARO, 2021 WL 414389, at *7 (S.D. Fla. Jan. 15, 2021). Plaintiff is, therefore, not entitled to recoup his postage costs. As to the $313.24 attributed to "Rock

Legal Services and Investigations," it is unclear from Plaintiff's Motion, affidavits, or billing statements what services or investigations were provided. It is, therefore, unknown if these services would fall within the ambit of § 1920, and Plaintiff's requests to be reimbursed for these costs should be denied. Plaintiff should accordingly be awarded costs of $402.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS Plaintiff's Motion for Default Final Judgment, ECF No. 44, be GRANTED IN PART AND DENIED IN PART.

The Motion should be GRANTED to the extent that judgment should be entered in favor of Plaintiff, DANIEL PAUL, and against Defendants, SENTINEL PROTECTION, LLC, WATCHDOG SECURITY, LLC, MARC A. MILLER, and CANDY PARTEE, jointly and severally.

Plaintiff should be awarded $19,500.00, inclusive of liquidated damages, for unpaid overtime wages.

Plaintiff's counsel should recover $5,950 in attorney's fees.

Plaintiff's counsel should recover costs in the amount of $402.

The Motion should otherwise be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 11h day of March 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record