UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60002-ALTMAN/Hunt

**DANIEL PAUL**,

    *Plaintiff*,

v.

**SENTINEL PROTECTION, LLC** *et al.*,

    *Defendants*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 13, 2023, the Plaintiff filed a Motion for Entry of Final Default Judgment against All Defendants (the "Motion") [ECF No. 44]. On March 11, 2024, United States Magistrate Judge Patrick M. Hunt issued a Report and Recommendation (the "Report") [ECF No. 46], in which he suggested that we should grant in part and deny in part the Motion. Magistrate Judge Hunt also issued the following warning:

> Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 13–14. That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 46] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Entry of Final Default Judgment against All Defendants [ECF No. 44] is **GRANTED in part** and **DENIED in part**. Default final judgment will be entered in favor of the Plaintiff as to Count I only; Counts II and III will be dismissed without prejudice.

3. The Plaintiff will be awarded $19,500 (inclusive of liquidated damages) for unpaid overtime wages; $5,950 in attorney's fees; and $402 in costs.

4. This case shall remain **CLOSED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on March 27, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record